Huron Count
Common Pleas Cou
Filed on 04/13/2026 at 11:38:19 AI
Gina M. Hartman, Cler

IN THE COURT OF COMMON PLEAS HURON COUNTY, OHIO

| | |
|---|---|
| **KAYDIN RISNER**<br>**102 Newton Street**<br>**Norwalk, Ohio 44857** | **CASE NO.:** CVC 20260235 |
| **Plaintiff,** | **JUDGE:** |
| **vs.** | |
| **WALMART, INC.**<br>**c/o Registered Agent**<br>**CT Corporation System**<br>**4400 Easton Commons Way, Suite 125**<br>**Columbus, Ohio 43219** | **<u>COMPLAINT WITH JURY DEMAND ENDORSED HEREON</u>** |
| **and** | |
| **WALMART SUPERCENTER #1986**<br>**340 Westwind Drive**<br>**Norwalk, Ohio 44857** | Olivia M. Torisk, Esq. (#0101555)<br>**Wisehart Wright Co. LPA**<br>520 W. Washington Street<br>Sandusky, Ohio 44870<br>Telephone: (419) 625-7770<br>Facsimile: (419) 625-8552<br>Email: oliviat@ohattorneys.com<br>*Attorney for Plaintiff* |
| **and** | |
| **JOHN DOE EMPLOYEES NOS. 1-20**<br>**(Names and addresses unknown. The parties intended are any employees and/or agents of the Defendants named herein who were responsible for maintaining the subject premises. Said Defendants will know who they are when they are served with the Summons and Complaint at 340 Westwind Drive, Norwalk, Ohio 44857.)** | |
| **and** | |
| **JOHN DOE COMPANIES NOS. 1-5**<br>**(Names and addresses unknown. The parties intended are any entity or entities other than the above-named Defendants who owned, and/or operated, and/or controlled the property and employees involved in the subject loss. Said Defendants will know who they are when they are served with** | |

**the Summons and Complaint at 340 )**
**Westwind Drive, Norwalk, Ohio 44857.) )**
**)**
**Defendants. )**

NOW COMES Plaintiff, Kaydin Risner, by and through undersigned counsel, for his claims for relief states and avers as follows:

**PARTIES, JURISDICTION, VENUE**

1. At all times material, Plaintiff Kaydin Risner ("Plaintiff") was a resident of the State of Ohio, residing in Huron County.

2. At the time of this incident on August 19, 2017, Plaintiff was a minor. Plaintiff's date of birth is April 24, 2006, and Plaintiff reached the age of majority on April 24, 2024.

3. At all times material, Plaintiff was a business invitee to the Walmart Supercenter #1986 located at 340 Westwind Drive, Norwalk, Ohio 44857.

4. At all times material, Defendant(s) Walmart, Inc., Walmart Supercenter #1986, and/or John Doe Companies Nos. 1-5 owned, operated, and/or otherwise controlled the Walmart Supercenter #1986 located at 340 Westwind Drive, Norwalk, Ohio 44857.

5. At all times material, Defendants John Doe Employees Nos. 1-20 were agents and/or employees of Defendants Walmart, Inc., Walmart Supercenter #1986, and/or John Doe Companies Nos. 1-5.

6. At all times material, the names and addresses of the John Doe Defendants were unable to be discovered with reasonable diligence. However, the Complaint will be amended once that information is obtained through discovery.

7. The John Doe Defendants, presently unidentified, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of Rule 15(D) of the Ohio Rules of Civil Procedure because of their constructive or actual notice of the institution of this case. Except for the inability of the Plaintiff to discover the name of these Defendants, this action would be brought against them in their proper, true, and exact name and capacity, and said information will be provided by Plaintiff when such information becomes fully known to him.

8. Said Defendants will know who they are when this Complaint is served upon them at the Walmart Supercenter #1986 located at 340 Westwind Drive, Norwalk, Ohio 44857.

9. Jurisdiction and venue are proper as the activities which gave rise to the subject of this action occurred in Huron County and the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

## FACTUAL ALLEGATIONS

10. Plaintiff fully re-alleges all paragraphs above as though fully rewritten herein.

11. On or about August 19, 2017, Plaintiff lawfully entered the premises located at as 340 Westwind Drive, Norwalk, Ohio 44857 as a business invitee.

12. At all times material, the premises were owned, operated, and controlled by Defendant(s) Walmart, Inc., Walmart Supercenter #1986, and/or John Doe Companies Nos. 1-5.

13. At all times material, Defendants had a duty to maintain, inspect, cure, and warn invites of dangerous conditions.

14. At all times material, Defendants allowed liquid to exist and accumulate on the subject premises, which resulted in Plaintiff slipping and falling and sustaining severe injuries.

15. At all times material, there were no warnings and/or sufficient and conspicuous warnings present to alert Plaintiff of the hazard.

16. At all times material, Defendants knew or had reason to know in the exercise of ordinary care, of the existence of this hazardous condition within the above-described premises and had sufficient time to repair and/or remove and/or warn invitees about it.

17. As a result of Defendants' failure to exercise ordinary care to maintain the safe conditions of the premises and/or warn invitees of hazardous conditions, Plaintiff suffered serious injuries and damages.

## COUNT I

18. Plaintiff fully re-alleges all paragraphs above as though fully rewritten herein.

19. At all times material, Defendants had a duty to Plaintiff and to other business invitees to maintain the premises in a reasonably safe condition and to warn of and/or cure hazards on the premises. Defendants further had a duty to inspect the premises for hazards.

20. Defendants knew or should have known of the hazard within the premises.

21. Despite this knowledge, Defendants negligently failed to maintain the premises in a reasonably safe condition, permitting the liquid to exist and remain, endangering the safety of the Plaintiff.

22. Despite this knowledge, Defendants negligently failed to disclose and/or warn Plaintiff of the hazardous conditions within the premises.

23. As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious and permanent injuries; has undergone severe pain and suffering; has incurred medical expenses; has suffered a loss of enjoyment of life; and has suffered an impairment in his normal, social, and recreational pursuits, including his ability to engage in his activities of daily living, all of which he expects to continue into the indefinite future.

## COUNT II

24. Plaintiff fully re-alleges all paragraphs above as though fully rewritten herein.

25. At all times material, Defendants John Doe Employees Nos. 1-20 were acting as agents and were working within the course and scope of their employment with Defendant(s) Walmart, Inc., Walmart Supercenter #1986, and/or John Doe Companies Nos. 1-5.

26. At all times material, Defendant(s) Walmart, Inc., Walmart Supercenter #1986, and/or John Doe Companies Nos. 1-5. had a duty to properly train, hire, supervise, and/or certify their employees to maintain the premises in a reasonably safe condition.

27. Defendant(s) John Doe Employees Nos. 1-20, whose negligent acts or omissions caused harm to the Plaintiff, were negligently trained and/or supervised or were otherwise unfit and/or incompetent to perform the work for which they were hired, trained, supervised, and/or certified, and Defendants knew or should have known that their employees were unfit and/or incompetent or otherwise lacked the necessary training to maintain the premises in a reasonably safe condition and that this negligence created a risk of harm to others, specifically to the Plaintiff.

28. Defendant(s) Walmart, Inc., Walmart Supercenter #1986, and/or John Doe Companies Nos. 1-5.are further liable for the negligent acts of their employees and/or agents under the doctrine of *respondeat superior*.

29. As a direct and proximate result of Defendants' negligence, Plaintiff sustained those injuries and damages hereinbefore alleged.

**WHEREFORE,** on all Counts set forth above, Plaintiff, Kaydin Risner, prays for judgment in his favor and against all Defendants, jointly and/or severally, as follows:

A. Compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000.00);

B. Interest, costs, and any further relief that this Court deems appropriate according to law.

Respectfully submitted,

*/s/ Olivia M. Torisk*

Olivia M. Torisk, Esq. (#0101555)
**Wisehart Wright Co. LPA**
520 W. Washington Street
Sandusky, Ohio 44870
Telephone: (419) 625-7770
Facsimile: (419) 625-8552
Email: oliviat@ohattorneys.com
*Attorney for Plaintiff*

**JURY DEMAND ENDORSED HEREON**

Plaintiff demands a Trial by Jury on all the issues presented in this Complaint.

*/s/ Olivia M. Torisk*

Olivia M. Torisk, Esq. (#0101555)
*Attorney for Plaintiff*

**INSTRUCTIONS TO THE CLERK**

Please serve a copy of this Complaint upon Defendant by U.S. Certified Mail, return receipt requested at the address shown in the caption of the Complaint.

*/s/ Olivia M. Torisk*

Olivia M. Torisk, Esq. (#0101555)
*Attorney for Plaintiff*